# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JACQUELINE GOUDEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: |
| | ) |
| NISHIKAWA COOPER LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff alleges against Defendant that:

1. The Plaintiff is Jacqueline Goudeau, a female qualified employee of the Defendant at all times material to this Complaint.   Plaintiff contends that she was sexually harassed and discriminated against on the basis of her sex (female); discriminated against on the basis of her race/color (African-American/Black); subjected to a hostile work environment on the basis of her race/color; and subjected to retaliation for complaining of discrimination and sexual harassment, all in violation of her federally protected rights pursuant to Title VII of the Civil Rights Act of 1964, 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

2. The Defendant is Nishikawa Cooper LLC, a company doing business at 2785 Persistence Drive, Fort Wayne, IN 46808.   Defendant is an "employer" for the purposes of Title VII and § 1981.

3. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 12, 2019, a copy of which is attached hereto,

incorporated herein, and made a part hereof as "Ex. A." The EEOC issued its Notice of Right to Sue on March 18, 2020, a copy of which is attached hereto and made a part hereof as "Ex. B." All jurisdictional prerequisites have been met, and all administrative remedies have been exhausted for the filing of this lawsuit.

4. Plaintiff worked for Defendant from on or about January 9, 2019, until her wrongful termination on or about June 6, 2019. At the time of separation from employment Plaintiff's job title was "molder."

5. In January 2019, shortly after Plaintiff began working for Defendant, Plaintiff began experiencing sexual harassment by her training manager "Gabriel." Gabriel made comments about her physical appearance, touched her arm suggestively, told her he was "having dreams" about her while winking at her, and told her he wanted to buy her a gift for Valentine's Day. Another coworker, "Abdul," also made sexual comments to Plaintiff such as "If you're cold, I can warm you up." These comments and physical touching made Plaintiff uncomfortable and were not welcomed or wanted.

6. In mid-March, after Plaintiff could take no more, she reported the behaviors of her managers to "Amy" in human resources, but when Plaintiff went to report the managers, she could not recall their names. Amy then took Plaintiff out on the floor and asked Plaintiff to "point to them" in a manner where everyone, including the perpetrators, could see her pointing them out. Fearful of her coworkers retaliating against her, she refused to point to anyone. Amy then stated to Plaintiff that if she would not point to someone, then Amy would just consider it "shop talk" and close

the file on her complaint.   Further, Amy instructed Plaintiff to "be careful what she said" to not repeat "what prompted the men," and then asked Plaintiff what she wanted Amy to do about it.   Plaintiff simply replied, "make it stop."

7. Thereafter, Plaintiff reported the behaviors of the men (and this time reported their names as well) to Coordinator "Sherry," who replied that it was just "shop talk" and indicated to Plaintiff that she should just accept that it would continue, as it was normal in the workplace for the men to be sexually suggestive.

8. Also, in late February-early March, Plaintiff began experiencing hostility from a Caucasian coworker, "Angel."   Angel was frequently verbally abusive and hostile towards Plaintiff, and Plaintiff complained to her supervisors repeatedly about Angel's behaviors.   Coworkers informed Plaintiff the Angel did not work well with African-American/Black employees and had in fact sabotaged another African-American coworker to the point that the coworker had lost her job. Angel had also treated that employee with repeated, severe, and pervasive hostility, but Defendant did not take appropriate action to prevent the mistreatment from occurring.

9. Angel created a hostile work environment for Plaintiff, and Defendant did nothing to intervene.   In fact, on one occasion, Angel had accused Plaintiff of failing to clean her work station (which was untrue), and waived a sharp glue pick threateningly in Plaintiff face as if she intended to stab her. Plaintiff was then called into a meeting and suspended for one day (just as Angel was) despite the fact that Angel had been the aggressor and Plaintiff had done nothing wrong.   It is alleged that similarly situated male and/or Caucasian coworkers who were victims of aggression by

coworkers were not subjected to disciplinary actions as Plaintiff was. The next day, Plaintiff was placed back to work in the vicinity of Angel and told to "try to avoid her."

10. Finally, on June 5, 2019 Plaintiff became ill at work, having difficulty breathing, and asked if she could go home.  She was given permission to leave early by her coordinator so she could tend to her illness. On her way out of work she began to vomit.

11. On June 6, 2019 Plaintiff was notified that she was terminated for leaving work early the day before when she became ill.   However, Defendant has a progressive disciplinary attendance policy that it did not adhere to when terminating Plaintiff. Plaintiff had not reached the necessary points to be terminated.

12. Plaintiff contends that the proffered reason for her termination was false and pretextual, and that in reality she was terminated on the basis of her sex and/or race, and/or for complaining of discrimination and sexual harassment in violation of her rights pursuant to Title VII and § 1981.

13. The Defendant's discriminatory/retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits, such as income, and subjected her to inconvenience, emotional distress, humiliation, and other damages and injuries. Complaint is entitled to seek compensatory damages.

14. Furthermore, Defendant's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under Title VII and § 1981, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:	(260) 424-0600
Facsimile:	(260) 424-0712
E-mail:	jhitchcock@myers-law.com
*Counsel for Plaintiff*